73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Erasmo GONZALES, Defendant-Appellant.
 No. 94-1168.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1995.
 
 Before: ENGEL, BROWN, and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is a marijuana distribution case. The testimony that convicted the defendant Erasmo Gonzales, came principally from his co-conspirators and co-defendants. The indictment was returned in March of 1993 alleging that the distribution of marijuana had taken place during the summer of 1992 through March of 1993. The defendant before us, Erasmo Gonzales, was the only one tried out of the five co-defendants involved in the indictment. Four co-defendants pled guilty, and the fifth had not been arrested at the time of this defendant's trial. Three of those who pled guilty testified against the defendant as government witnesses. These witnesses in effect testified that on various occasions marijuana had been transported at the direction of this defendant and his son, Fernando. The evidence of the marijuana distribution conspiracy was established by testimony of defendant Feldbauer and others. They testified they were directed to pick up marijuana in Texas and transport it to Michigan for Gonzales, as well as making a number of other trips. One involved sixty-five pounds of marijuana, and another involved a load that was taken through Ohio. Each of the witnesses were in fact substantially cross-examined but still remained adamant in their testimony. They also testified that the defendant before us, Erasmo Gonzales, was the organizer and leader of the marijuana distribution group. Erasmo Gonzales was convicted and sentenced to a term of nine and one-half years.
 
 
 2
 Here the defendant Erasmo Gonzales makes three arguments. First, he argues that there was insufficient evidence to support the conviction. It should be pointed out that there was no motion for a judgment of acquittal at any time in the trial. In any event, the co-conspirator testimony clearly established the overriding conspiracy led by Gonzales. Secondly, the defendant contends that at sentencing the court erroneously accepted the determination of the base offense level. Again there was no objection, and clearly there was no evidence presented to establish that this was erroneous. Thirdly, he argues that there was insufficient evidence that he was the leader of the marijuana distribution conspiracy.
 
 
 3
 Our standard of review of the sufficiency of the evidence has been stated on many occasions and need not be repeated here. One of the best descriptions was set out in our opinion in United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989). Here, the failure to make the motion for a judgment of acquittal, absent a manifest miscarriage of justice, warrants the conclusions the defendant waived this claim. Our review of the record indicates there was no manifest injustice.
 
 
 4
 As to the second issue, the district court's determination of the defendant's guideline range is again supported by the evidence. The presiding judge sat both as the trial judge and as the sentencing judge, and as we stated in United States v. Lloyd, 10 F.3d 1197, 1218-19 (6th Cir.1993), all of this evidence may be considered by the trial judge in the sentencing aspect of this case.
 
 
 5
 As to the third issue, again there is no offer of evidence to refute the pre-sentence report except Gonzales' claim that there was error. The record establishes that at least five or more people were involved in this marijuana distribution organization.
 
 
 6
 Judgment affirmed.